NORBERTO MEDINA-RODRIGUEZ,

**Plaintiff**,

v.

FERNANDEZ BAKERY, INC. and
JUAN FERNANDEZ-RAMIREZ,

**Defendants.**

**Civil No.** 16-2578 (FAB)

**OPINION AND ORDER[1]**

BESOSA, District Judge.

Before the Court is defendants Fernandez Bakery, Inc. ("Bakery") and Juan Fernandez-Ramirez's ("Fernandez") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Plaintiff Norberto Medina-Rodriguez ("Medina") brought this action against defendants alleging violations of Title III of the Americans with Disabilities Act ("ADA"). Additionally, Medina invokes the supplemental jurisdiction of the Court to adjudicate his claims pursuant to the Puerto Rico Civil Rights Act under Puerto Rico Law 131 ("Law 131"), P.R. Laws Ann. tit. 1, §§ 13, 14. Bakery and Fernandez move to dismiss all claims for lack of standing, and pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), arguing that Medina failed to exhaust administrative remedies and to provide notice to state

---

[1] Audrey Mulholland, a second-year student at American University Washington College of Law, assisted in the preparation of this Opinion and Order.

authorities.  (Docket No. 11 at pp. 4-6.)  Plaintiff opposes.
(Docket No. 12.)  For the reasons set forth below, the Court **DENIES**
defendants' motion to dismiss for lack of standing, **DENIES**
defendants' Rule 12(b)(1) motion, and **GRANTS IN PART and DENIES IN
PART** defendants' Rule 12(b)(6) motion.

## I.   FACTUAL BACKGROUND

The Court accepts the following facts as true.  Medina is a
resident of Carolina, Puerto Rico.  (Docket No. 1 at p. 2.)  He is
limited in his ability to sit, stand, and walk as a result of a
permanent walking abnormality.  <u>Id</u>.  Medina has abnormal,
uncontrollable walking patterns due to a leg injury and bone
damage.  <u>Id</u>.  The Puerto Rico Department of Motor Vehicles has
issued Medina permanent handicap permit number 2015982 for
accessible parking spaces.  <u>Id.</u>

On approximately June 24, 2016, Medina visited defendants'
business.  <u>Id</u>.  During this visit, Medina experienced unnecessary
difficulty because no parking space was designated as "accessible"
or "van-accessible."  <u>Id</u>.  As a result, Medina struggled exiting
his vehicle safely, observing there was "no protection from moving
cars."  <u>Id</u>. at pp. 8-9.  Medina frequently travels to the area to
conduct a number of activities, including shopping.  <u>Id</u>. at p. 2.
He plans to return to the bakery at some point in the future on
the contingency that modifications are made to accommodate

wheelchair users.[2]  Id.  He made tentative plans to return on December 15, 2016.  Id.

Medina is a self-identified "tester" for ADA compliance.  Id. at p. 2.  As a tester, Medina visits public accommodations to test barriers to access, proceeds with litigation if there are violations, and then returns to the location to verify compliance.[3] Id. at p. 3.  Medina asserts that he plans to visit the bakery annually to verify ADA compliance.  Id.

Medina further asserts that Bakery and Fernandez must eliminate physical barriers where removal is readily achievable, and to construct facilities accessible to disabled individuals whenever alterations to the building are made.  See 42 U.S.C. § 12182; 42 U.S.C. § 12183; (Docket No. 1 at p. 6.)  Moreover, Medina alleges twelve[4] separate violations of the 1991 and 2010 ADA Accessibility Guidelines (ADAAG), federal regulations implementing the ADA.  See 28 C.F.R. § 36 app. D; 36 C.F.R. § 1191 app. D.  These violations include:  (1) lack of accessible route to the building entrance; (2) lack of accessible route from the parking lot into the building; (3) parking spaces narrower than 12

---

[2] Medina does not allege that he is a wheelchair user in the complaint.

[3] Medina has pursued 35 ADA compliance cases before the District Court of Puerto Rico as a tester.

[4] Plaintiff enumerates thirteen ADA violations in his complaint; violation (k), however, is a duplicate of violation (h).  See Docket No. 1 at p. 11.

feet; (4) lack of access aisles adjacent to parking spaces; (5) lack of accessible ramp that meets the slope criteria; (6) lack of seating space in the bakery accessible to persons with disabilities; (7) sales and service counters exceeding 36 inches in height; (8) grab bars in the restroom of improper length or spacing; (9) failure to provide signs for an accessible restroom; (10) inadequate turning space in the restroom stall; (11) failure to provide restroom grab bars at 33 inches minimum and 36 inches maximum above the floor; and (12) failure to provide restroom mirrors at the required height above the floor. (Docket No. 1 at pp. 8-11.) Additionally, Medina contends these ADA violations are evidence of intentional disability discrimination by Bakery and Fernandez in violation of the Puerto Rico Civil Rights Act pursuant to Law 131. Id. at p. 24.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Standing

Defendants argue that Medina's claims pursuant to the ADA and the Puerto Rico Civil Rights Act should be dismissed for lack of standing. They contend there was no specific injury, the plaintiff's admitted status as an ADA tester nullifies the likelihood of future harm, and the removal of requested barriers would not redress the injury suffered. (Docket No. 11 at pp. 4-5.)

The doctrine of standing is rooted in Article III of the Constitution, which confines federal courts to the adjudication of actual cases and controversies. See U.S. Const. Art. III, § 2, cl. 1; Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The Supreme Court articulated a three-part test in Lujan to determine whether courts have jurisdiction over a plaintiff's claim. Id. First, the plaintiff must have suffered an "injury in fact" which is (a) concrete and particularized, and (b) actual and imminent. Id. Second, the injury must have been caused by the defendant's conduct. Id. Third, it must be likely that the injury will be redressed by a favorable judicial decision. Id.

**1.   Injury in Fact**

Disabled individuals suffer a concrete and particularized injury when they visit an establishment that does not comply with ADA standards. See Suarez-Torres v. Restaurantes Fridas, Inc., Civil No. 16-1912, Docket No. 13 (Besosa, J.) (citation omitted). Additionally, the First Circuit Court of Appeals has held that a plaintiff bringing a Title III ADA claim must also "show a real and immediate threat that a particular barrier will cause future harm." Disabled Ams. for Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005) (quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir. 2003)). In demonstrating a likelihood of future harm, a

plaintiff need not "engage in a futile gesture" of continuously confronting discriminatory barriers, rather, knowledge that those barriers remain in place is sufficient.  See 42 U.S.C. § 12188(a)(1); Dudley, 333 F.3d at 305.  Furthermore, a disabled individual deterred from visiting a public accommodation because of architectural barriers in violation of the ADA has suffered an actual and imminent harm.  See Disabled Ams. For Equal Access, Inc., 405 F.3d at 64 (quoting Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002)); see also Suarez-Torres, No. 16-1912, Docket No. 13. (Besosa, J.).

Bakery and Fernandez argue that Medina has failed to articulate a specific injury.  See Docket No. 11 at p. 4.  The Court disagrees.  Plaintiff Medina alleges that he encountered twelve separate ADA violations at the defendants' bakery that presented barriers of access to the goods and services provided. (Docket No. 1 at pp. 8-10.)  The violations outside the facility and in the parking lot made it difficult for Medina to exit his vehicle and required him to maneuver unsafely through traffic. See id.  Medina further states that he is deterred from visiting the bakery in the future because he is aware that physical barriers continue to exist.  Id. at p. 16.  Accordingly, the Court finds that Medina's assertions are sufficient to establish a concrete and particularized injury.

Defendants next challenge whether the injury is actual and imminent, arguing that ADA "testers" lack standing because there is very little likelihood of future harm. (Docket No. 11 at p. 5.) Courts of appeals, however, have concluded that a "tester" motive does not defeat standing.[5] See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1332 (11th Cir. 2013) (concluding that plaintiff's status as tester does not void his standing to bring a Title III ADA claim because motive is irrelevant); Tandy v. City of Wichita, 380 F.3d 1277, 1287 (10th Cir. 2004) (holding testers have standing to sue under Title II of the ADA); Kyles v. J.K. Guardian Sec. Servs., Inc., 222 F.3d 289, 298 (7th Cir. 2000) (determining that employment discrimination testers have standing to sue and noting the public benefit in uncovering and eliminating discriminatory practices); cf. Harty v. Simon Prop. Grp., L.P., 428 Fed. Appx. 69, 70 (2nd Cir. 2011) (affirming standing when plaintiff plans to return to facility both as patron and tester). The Supreme Court briefly addressed the issue within the scope of the Fair Housing Act, summarizing that if a tester has "suffered injury in precisely the form the

---

[5] Some district courts adopt a minority view, holding that a mere assertion to return to an establishment to verify ADA-compliance is insufficient to establish standing. See Norkunas v. Park Rd. Shopping Ctr., Inc., 777 F. Supp. 2d 998, 1003 (W.D.N.C. 2011); see also Nanni v. Aberdeen Marketplace, Inc., No. WMN-15-2570, 2016 WL 2347932, at *3 (D. Md. May 4, 2016) (holding that the number of cases brought by plaintiff "call into question the plausibility" of plaintiff's future harm).

statute was intended to guard against," then regardless of the motivation behind bringing the suit, an injury has occurred. Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982).

        Medina admitted in his complaint that he is a "tester" whose objective is to discover ADA violations within public accommodations, after which he frequently proceeds with litigation. See Docket No. 1 at p. 3. In this capacity he intends to "visit the premises annually to verify its compliance or non-compliance with the ADA." Id. Additionally, Medina alleges repeatedly that he intends to return to the bakery to "avail himself of the goods and services" as a customer. See Docket No. 1 at pp. 2, 7, 13, 19. Consequently, Medina's plans to return to the defendants' bakery as both a patron and tester establish a likelihood of future harm as long as the bakery remains ADA non-compliant. The Court is satisfied that Medina has alleged sufficient facts in the complaint to demonstrate that he has suffered an injury in fact, satisfying the first element of standing.

        **2.  Causation**

        No party disputes that Medina failed to allege the causation element of standing. In order to establish causation, the injury claimed by the plaintiff must have been caused by the conduct of which the plaintiff complained. Lujan, 504 U.S. at

560-61. This requirement is fulfilled because Medina claims disability discrimination because of defendants' failure to remove architectural barriers in violation of Title III of the ADA.

### 3.   Redressability

Bakery and Fernandez also claim that any required modification would not redress Medina's alleged injury because the same goods and services will be available "even if the facility makes a major renovation." (Docket No. 11 at pp. 4-5.) The alleged injury, however, is not complete lack of access to those goods and services.   Rather, Medina contends that barriers to access are the cause of his injuries.   Accordingly, a favorable decision requiring defendants to remove the architectural barriers would eliminate the discrimination experienced by Medina, satisfying the third requirement of standing.   For the reasons stated above, the Court **DENIES** defendants' motion to dismiss for lack of standing.

### B.   Rule 12(b)(1) Motion to Dismiss

### 1.   Standard of Review

Rule 12(b)(1) allows a court to dismiss a complaint when the Court's subject-matter jurisdiction is not properly alleged. Fed. R. Civ. P. 12(b)(1). The standard applied to a Rule 12(b)(1) motion is similar to that of a Rule 12(b)(6) motion because the Court accepts the complaint's well-pled facts as true

and views them - and the inferences drawn from them - in a light most favorable to the pleader.  <u>See</u> <u>Viqueira v. First Bank</u>, 140 F.3d 12, 16 (1st Cir. 1998); <u>see also</u> <u>Soto v. McHugh</u>, 158 F. Supp. 3d 34, 46 (D.P.R. 2016) (Gelpí, J.).  Thus, "[a] district court must construe the complaint liberally."  <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir. 1996).

        2.   **Analysis**

        Bakery and Fernandez assert indirectly a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.  They claim "Congress bars Plaintiff from filing in Federal District Court without first notifying in writing or applying for relief from the state."  (Docket No. 11 at p. 6.) District courts are divided on whether the notice and administrative remedy requirement pursuant to 42 U.S.C. Section 2000a-3(c)[6] is applicable to Title III ADA claims through Section 12188(a)(1).[7]  <u>See</u> <u>Daigle v. Friendly Ice Cream Corp.</u>, 957 F. Supp. 8, 10 (D.N.H. 1997) (stating the plaintiff must have complied with

---

[6] 42 U.S.C. § 2000a-3(c) states that:  "In the case of an alleged act or practice prohibited by this subchapter which occurs in a State . . . which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice . . . no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority."

[7] 42 U.S.C. § 12188(a)(1) states that:  "The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter.

the notice requirement in order for the court to have jurisdiction over the ADA claim); but see Bercovitch v. Baldwin School, 964 F. Supp. 597, 605 (D.P.R. 1997) ("Title III imposes no requirement of exhaustion of administrative remedies or right to sue letters upon plaintiffs wishing to bring an ADA claim"), rev'd on other grounds, 133 F.3d 141 (1st Cir. 1998).   The weight of recent authority, however, allows the Court to conclude that Title III of the ADA imposes no requirement to provide notice to state or local authority or to exhaust administrative remedies prior to filing suit.   See Iverson v. Comsage, Inc., 132 F. Supp. 2d 52, 56 (D. Mass. 2001); Tanner v. Wal-Mart Stores, Inc., No. 99-44-JD, 2000 WL 620425, at *5 (D.N.H. Feb. 8, 2000).   The Ninth Circuit Court of Appeals is the only appeals court to address the issue and has affirmed this position, concluding that under a plain language interpretation, section 12188(a)(1) refers explicitly only to section 2000a-3(a), omitting the notice provision of section 2000a-3(c).   See Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000).[8]   Pursuant to expressio unius, "the incorporation of one statutory provision to the exclusion of another must be presumed intentional."   Id.   In sum, the Court holds that Medina was under no obligation to provide notice or exhaust administrative

_____

[8] A case relied upon by the defendants, Mayes v. Allison, 983 F. Supp. 923, 925 (D. Nev. 1997), has been abrogated by the Ninth Circuit Court of Appeals decision and is no longer compelling law.

remedies prior to bringing a Title III ADA claim in federal district court.  The Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

### C.    Rule 12(b)(6) Motion to Dismiss

#### 1.    Standard of Review

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level."  Id. at 555. In so doing, a court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor.  Parker v. Hurley, 514 F.3d 87, 90 (1st. Cir. 2008).  Although "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim," it is "not necessary to plead facts sufficient to establish a prima facie case" in order to survive a motion to dismiss.  Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

### 2.    Analysis: ADA Title III Claim

Medina's first claim is discrimination on the basis of his disability in violation of Title III of the ADA.  (Docket No. 1 at p. 12.)  He argues that various physical barriers have denied him "the benefits of services, programs, and activities of the [f]acility."  Id.  Bakery and Fernandez argue that the ADA Title III claim should be dismissed pursuant to Rule 12(b)(6) for "lack of specificity" and for including only "speculative allegations."  (Docket No. 11 at pp. 1-2.)  Defendants' assert that Medina has not "provided substantial evidence" to allege an ADA Title III claim.  Id. at 3.

Congress enacted the ADA to "address the major areas of discrimination faced day-to-day by people with disabilities."  Dudley, 333 F.3d at 303 (quoting 42 U.S.C. § 12101(b)(4)).  Title III of the ADA specifically addresses "discrimination by privately operated places of public accommodation."  Id.; see also 42 U.S.C. § 12182.  Title III states generally that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

In order to establish a *prima facie* case pursuant to Title III of the ADA, the plaintiff must demonstrate that (1) he or she has a qualified disability under the ADA, (2) that the defendant operates a place of public accommodation, and (3) that the plaintiff was discriminated against as a result of his or her disability. See Powell v. Nat'l. Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004); Marradi v. K&W Realty Inv. LLC, 212 F. Supp. 3d 239, 245 (D. Mass. 2016); Disabled Ams. for Equal Access, Inc. v. Compra Hosp. Pavia Inc., Civil No. 02-1639, 2004 WL 5568603, at *6 (D.P.R. Aug. 27, 2004) (Dominguez, J.). The Court will examine each of these elements to determine whether plaintiff Medina has pled sufficient facts to withstand a Rule 12(b)(6) motion.

### a.   Element One:  ADA Qualified Disability

When a plaintiff alleges a physical impairment, the Supreme Court has articulated the three-step Bragdon test to determine whether that impairment is a qualified disability under the ADA. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 187 (1st Cir. 2011). First, a plaintiff must establish that he or she suffers from a physical or mental impairment. Ramos-Echevarria, 659 F.3d at 187. Second, a plaintiff must demonstrate that his or her impairment affects major life activities of central importance. Id. Major life activities include "caring for

oneself, performing manual tasks, seeing, hearing, eating,
sleeping, walking, standing, [and] sitting." 29 C.F.R. § 1630.2.
Third, a plaintiff must demonstrate that his or her impairment
"substantially limits" that major life activity. Ramos-
Echevarria, 659 F.3d at 187.

In his complaint, Medina claims a physical
impairment in the form of a permanent walking abnormality as a
result of a leg injury and bone damage. (Docket No. 1 at p. 2.)
Medina has stated that as a result of his walking abnormality he
is unable to engage in the activities of sitting, standing, and
walking, providing evidence that his impairment substantially
limits major life activities. (Docket No. 1 at p. 2.) Defendants
do not dispute that Medina is impaired within the meaning of the
ADA. The Court is satisfied that Medina has alleged sufficiently
that he is an individual with a qualified disability pursuant to
the ADA.

**b.    Element Two:  Place of Public Accommodation**

The second requirement to bring a claim under
Title III of the ADA is that a defendant "owns, leases (or leases
to), or operates a place of public accommodation." 42 U.S.C.
§ 12182(a). Pursuant to the statute, public accommodation
includes "a bakery, grocery store, clothing store, hardware store,
shopping center, or other sales or rental establishment."

42 U.S.C. § 12181(7)(e).  Defendants own and operate Fernandez

Bakery, a bakery encompassed within the statutory definition of

public accommodation.  (Docket No. 1 at p. 4.)  Accordingly, Medina

has fulfilled the second requirement.

### c.    Element Three: Discriminated Against

Lastly, a plaintiff must establish that he or

she was discriminated against on the basis of his or her

disability.  42 U.S.C. § 12182(a).  Title III of the ADA outlines

different types of prohibited activities that constitute

discrimination.  Disability discrimination includes "a failure to

remove architectural barriers, and communication barriers that are

structural in nature, in existing facilities . . . where such

removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

This also requires the plaintiff to show that the removal of

architectural barriers on defendant's property is "readily

achievable, i.e., is easily accomplishable and able to be carried

out without much difficulty or expense."  42 U.S.C. §

12182(b)(2)(A)(iv); Marradi v. K&W Realty Inv. LLC, Civil Action

No. 16-10038-LTS, 2016 WL 5024198, at *3 (D. Mass. Sep. 15, 2016).

Courts may consider the nature of the ADA violations in determining

whether it is plausible that their removal is readily achievable.

See Marradi, 212 F. Supp. 3d at 246.[9]

Plaintiff Medina asserts discrimination as a result of defendants' failure to remove architectural barriers. See Docket No. 1 at p. 12. He alleges in the complaint twelve different ADA violations that present physical barriers of access to the facility. Id. at pp. 8-11. He also claims that these barriers render the building unsafe, deterring him from returning, and depriving him "of the meaningful choice of freely visiting the same accommodations readily available to the general public." (Docket No. 1.) Defendants aver there is no substantial evidence establishing that Medina was denied access to goods and services as a result of these barriers. (Docket No. 11 at p. 3.) But, architectural barriers to access need not completely bar a plaintiff from accessing goods and services to be discriminatory.

---

[9] The complaint briefly sets forth additional grounds of discrimination. Discrimination within Title III of the ADA also includes altering a building and failing to ensure that the "altered portions of the facility are readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a)(2). Medina states that the building has been altered since 2010. (Docket No. 1 at p. 12.) He does not, however, support this statement with any additional information. Although Medina details twelve violations of the ADAAG, it is unclear whether the areas where the violations occurred pertain to the new construction. For purposes of addressing a Rule 12(b)(6) motion, however, the plaintiff's assertion regarding a failure to remove architectural barriers in existing facilities is sufficient. Medina should be aware that to assert discrimination pursuant to 42 U.S.C. § 12183(a)(2), more evidence will be required. See Disabled Ams. for Equal Access, Inc., 2004 WL 5568603, at *11 (Domínguez, J.) (denying summary judgment where plaintiff failed to provide evidence of whether a facility was an existing facility or a new construction because of differing ADA compliance standards).

See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 n.4 (9th Cir. 2008).  The Court also rejects the defendants' assertion that plaintiff "failed to attach the necessary exhibits required to prove the conditions precedent to the bringing of this action" because "evidence proving the allegations in the complaint is not required" to survive a Rule 12(b)(6) motion.  (Docket No. 11 at p. 10.); Rodriguez-Vazquez v. Consejo de Titulares del Condominio el Canton Mall, No. 15-2633, 2017 WL 908267, at *4 (D.P.R. Jan. 1, 2017) (McGiverin, J.) (citing Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014)).  Consequently, the complaint set forth sufficient facts demonstrating defendants' alleged failure to remove architectural barriers in violation of Title III of the ADA.

Additionally, Medina states that all of the barriers are "readily achievable to modify" to bring the building into compliance, and "can be easily accomplished and are able to be carried out without much difficulty or expense." (Docket No. 1 at p. 12.)  Although Medina fails to specify exactly how each of the barriers would be easily removed, in order to survive a Rule 12(b)(6) motion he need only allege a plausible claim that their removal is readily achievable.  See Melo v. S. Broadway Law Realty Tr., Civil Action No. 1:15-cv-13475-FDS, 2016 WL 393258, at *2 (D. Mass. Feb. 1, 2016) (denying motion to dismiss even where plaintiff

only stated that the removal of twenty-three barriers was readily achievable because that claim was plausible considering the violations). Granted, the burden of providing evidence rests with Medina. The Court acknowledges, however, that "whether the plaintiff can ultimately carry that burden is not material to the question of whether the complaint has adequately alleged a *prima facie* claim." Id. After reviewing the alleged architectural barriers, the Court draws on "its judicial experience and common sense" to determine the plausibility of their removal. Torres v. Junta de Gobierno de Servicio de Emergencia. 91 F. Supp. 3d 243, 249 (D.P.R. 2015) (Gelpi, J.) (quoting Iqbal, 556 U.S. at 678-79). This Court finds it plausible that removing the alleged barriers is readily achievable, including modifying parking lot spaces, adding seating in the food court accessible to persons with disabilities, and adding grab bars and accessible restroom signs.

Because the complaint sets forth twelve architectural barriers in violation of the ADA, each of which may be removed, Medina has pled sufficient facts to bring a Title III ADA claim. Accordingly, the Rule 12(b)(6) motion is **DENIED.**

### 3.   **Analysis: Puerto Rico Civil Rights Act Claim**

Medina's second claim is intentional disability discrimination in violation of Law 131. (Docket No. 1 at p. 22.) Law 131 provides:

> No person shall be denied in Puerto Rico any access, service, and equal treatment in public places and businesses and in the means of transportation because of political, religious, race, color or sex issues, or for of any other reason not applicable to all person in general.

P.R. Laws Ann. tit. 1, § 13. Disability is not a protected category enumerated under Law 131. Medina attempts to demonstrate that the Puerto Rico Bill of Rights for Persons with Disabilities is evidence that the courts should interpret Law 131 as encompassing disability as a protected category. (Docket No. 1 at p. 23.) Puerto Rico law, however, addresses and prohibits disability discrimination under a separate statute with separate remedies, Law 44, the state equivalent of the ADA, which is not addressed in the complaint. P.R. Laws Ann. tit. 1, §§ 501-511b. "Disability does not fall within the purview of Law 131" and so plaintiff has not stated a claim upon which relief can be granted. Suarez-Torres v. Sandia, LLC., Civil No. 16-1882, 2017 WL 590307, at *3 (D.P.R. Feb. 2, 2017) (P. Delgado, J.). The Court **GRANTS** the Rule 12(b)(6) motion regarding the Puerto Rico Civil Rights claim and dismisses that claim with prejudice.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** defendants' motion to dismiss for lack of standing, **DENIES** defendants' 12(b)(1) motion, and **DENIES** defendants' 12(b)(6) motion with respect to plaintiff's Title III ADA discrimination claim. (Docket No. 11.)

Defendants' 12(b)(6) motion with respect to plaintiff's Law 131

claim is **GRANTED.** That claim is **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED.**

San Juan, Puerto Rico, June 14, 2017.

                        s/ Francisco A. Besosa
                        FRANCISCO A. BESOSA
                        UNITED STATES DISTRICT JUDGE